MILLER and others, Respondents, vs. INDUSTRIAL COMMISSION OF WISCONSIN, imp., Appellant.

*September 15—October 10, 1922.*

*Workmen's compensation: Intermediate contractor as employer: Liability: Medical expenses.*

1. Under the workmen's compensation act (sec. 2394—6, Stats.), imposing liability for compensation to an injured employee, and sub. (2), sec. 2394—4, defining the term "employer," a contractor who is subject to the act is liable for compensation for injuries to an employee of a subcontractor who is not subject to the act.
2. An award for medical expenses occasioned by an injury to an employee is proper, under sub. (1), sec. 2394—9, Stats. *Pierce v. Industrial Comm., ante,* p. 189, followed.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

*Miller* and *Herrick* were copartners doing business as Miller-Herrick Auto Company and had a contract with

Joint school district No. 1 of the city and town of Bayfield for transporting school children to and from school. They sublet the contract to one Walker, who hired the defendant McCabe as a driver. Walker was not under the workmen's compensation act. In the course of his employment McCabe was injured and sought compensation against *Miller* and *Herrick*, who were under the workmen's compensation act and were insured by the *Ætna Life Insurance Company.* The *Industrial Commission* held that *Miller* and *Herrick*, as principal contractors, were liable. They appealed to the circuit court for Dane county and that court held that they were not liable. From a judgment entered accordingly the *Industrial Commission* appealed.

The cause was submitted for the appellant on the briefs of the *Attorney General* and *Winfield W. Gilman*, assistant attorney general, and for the respondents on the brief of *Hanitch, Hartley, McPherson & Johnson* of Superior.

VINJE, C. J.    The trial court in reaching the conclusion that the principal contractor was not liable said:

"Sec. 2394—6 of the Statutes imposes a liability on two classes of persons only—those who are employers and those who are contractors or subcontractors 'for whom the employee was working at the time of the accident.' It is the employer and not an intermediate contractor that is made liable in those cases in which the employer would have been liable if the injured employee had been working directly for the employer. It is the employer alone who can recover if compensation is paid to one who was employed by a contractor or subcontractor not subject to the act. The section contains no provision imposing any liability upon a contractor who is not performing the particular service for the employer in which the employee is engaged at the time of injury."

Sec. 2394—6, Stats. 1921, provides:

"An employer subject to the provisions of sections 2394—3 to 2394—31, inclusive, shall be liable for compensation to an employee of a contractor or subcontractor

under him who is not subject to sections 2394—3 to 2394—31, inclusive, or who has not complied with the conditions of subsection 2 of section 2394—24 in any case where such employer would have been liable for compensation if such employee had been working directly for such employer. The contractor or subcontractor shall also be liable for such compensation, but the employee shall not recover compensation for the same injury from more than one party. The employer who shall become liable for and pay such compensation may recover the same from such contractor or subcontractor for whom the employee was working at the time of the accident."

Were the provisions of this section the only guide in determining the correctness of the result reached by the trial court there would be considerable basis for saying that the terms "employer," "contractor," or "subcontractor" used therein do not mean the same. But sub. (2), sec. 2394—4, declares that the following, among others, shall constitute employers within the meaning of the compensation act:

"(2) Every person, firm, and private corporation (including any public service corporation), who has any person in service under any contract of hire, express or implied, oral or written, and who, at or prior to the time of the accident to the employee for which compensation under sections 2394—3 to 2394—31, inclusive, may be claimed, shall, in the manner provided in section 2394—5, have elected to become subject to the provisions of sections 2394—3 to 2394—31, inclusive, and who shall not, prior to such accident, have effected a withdrawal of such election, in the manner provided in subsection 1 of section 2394—5."

It will thus be seen that the term "employer" is broad enough to include a contractor or subcontractor and others also. Therefore when the statute says an employer shall be liable the liability attaches to a contractor, for he is an employer within the meaning of the act. So where the same section gives "the employer" a remedy over against the one actually liable, that includes a remedy in favor of a contractor or subcontractor if he be the employer.

State ex rel. Zabel v. Municipal Court, 179 Wis. 195.

The construction is consonant with the language used in the statute and conserves to the employee the indemnity intended to be given him by the legislature by making contractors liable for injuries received by employees of a subcontractor who is not under the act. They will be careful to protect themselves and will also see to it that their subcontractors are protected against such losses.

The award of $148 for medical expense was proper under the provisions of sub. (1), sec. 2394—9. See, also, *Pierce v. Industrial Comm.*, decided herewith (*ante*, p. 189, 190 N. W. 80).

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment affirming the order of the *Industrial Commission.* The appellant is entitled to costs on this appeal.